Chancellor Harper
delivered the opinion of the court.
I do not think that this is one of Ihe cases in which parol evidence ought to be admitted. The authorities cited on the part of the defendants, I think, are sufficient to shew that this can only be done where the ambiguity is oí such a nature, that it would defeat the will, unless the testimony were received. Nor do I know that we should, by this means, arrive at the true intention of the testator. 1 think the intention may be gathered from the face of the -will — and such an intention as the testator would have acknowledged, if he could have been consulted on the subject.
• It was properly said on the part of the complainants, that this was not a devise of the income of the estate to the children, to be equally divided between them. It was merely the providing a fund *209 but of which they might be supported. If the testator had said Slothing about the maintenance of the children, but had merely di» rected the estate to be vested till the youngest should come of age? or be married, the court would, of itself, have done just what he has expressed — it would have provided for the maintenance of the ¡children out of the income of the fund. He has not left it to the court, however, blit has directed it himself. Suppose the fund were large enough to produce an income more than double what' was required for the maintenance of the children, ¡can it be sup». posed that they would be entitled to divide the whole income, when nothing but maintenance is provided for ?
Then how is the fund to be supplied for their maintenance ? I answer according to their circumstances and necessities. In Rawlins vs. Goldfrap, 5 Ves. 440. the testator, after giving to his daughters for life, in the event of their death, leaving issue, gave a fund to apply so much as might be necessary to the maintenance of the children, with a further limitation over. One of the daughters died, leaving children. Their father had left them a large fortune-. The question was between them and the devisees over; whether' they should have the maintenance, or whether the interest should accumulate for the benefit of the devisees over. It was urged on the part of the children; that the grandfather intended to give maintenance to the children, in exoneration of the provision made for them fay their father. The master of the rolls; however, would not give them the whole income. He said they were entitled to “ as much only as they have a right to demand for maintenance and education, according to their situations; as much only as may be necessary, after all the appropriations for their benefit are exhausted, come from what quarter it may. They have no vested interest, at all, in the interest; nothing but what is wanted for their maintenance and education.” And he directed thé master to enquire what fortune they were entitled to, with liberty to apply for what might be necessary for maintenance and educations Now this is in point, if i have given a right interpretation to the words.
A direction for maintenance, means, of course, what may be necessary for maintenance. ’ In Maberly vs. Turton, 14 Ves. 499, there was a gift of eight thousand pounds, to accumulate for the benefit of children, with power to the trustees, with the approbation of the father and mother, or the survivor of them, or at the discretion of the trustees, after the death of the survivor, to apply the dividends, or any part thereof, to the maintenance of the children.The father got possession of the fund, as the executor of the sur* *210 viving trustee, and applied to the court to be allowed maintenane®' for the children. The chancellor refers to the rule, that maintenance is not allowed out of the fortunes of children, if the father be of ability to maintain them ; and directed a reference to enquire-what would be reasonable, having regard to the situation, circumstances, and ability, of the father, and the fortunes of the children. There are other cases to the same point, and indeed the doctrine is well settled. By this means, the directions may be varied, from time to time, on the application of the parties, as their exigencies may require. If any, who have now such fortunes as to require-no maintenance, should meet with a reverse which should render it necessary, he may be allowed to come in.
Dunkin, for motion.
¡Memminger, contra.
Filed 21st March, 1837.
So far as respects the claim for dower, we do not think it necessary to add any thing to the opinion of the chancellor. His reasoning, and' the authorities referred to, amply sustain his conchr. sion.
It is ordered, that it be referred to the master or commissioner, to enquire and report, what will be a reasonable and proper allowance for the maintenance of each of the testator’s children ; and if the whole income of the estate be required for that purpose, how it ought to be apportioned among them. In every other respect, the decree is affirmed. The parties to be at liberty, from time to-time, for further directions;
WILLIAM HARPER.
We concur,
DAVID JOHNSON,
3. JOHNSTON-